**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS E. PEREZ,**
Secretary of Labor,
United States Department of Labor,

    **Plaintiff,**

v.                                              Case No.: 8:15-cv-574-T-27AAS

**ELIASEN ENVIRONMENTAL, INC.,** *et al.,*

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court are the **Secretary's Motion for Default Judgment** (Doc. 19)[1] and **Summary of Unpaid Wages, Schedule A** (Doc. 22).[2] Defendant Eliasen Environmental, Inc., ("Defendant EEI") has not responded to the motion and the time to do so has passed. It is **RECOMMENDED** that the motion be denied without prejudice.

**I.      Background**

On March 16, 2015, the Secretary filed a Complaint against Defendants Eliasen Environmental, Inc., ("Defendant EEI") and Michelle Eliasen ("Defendant Eliasen"),[3] alleging violation of the Fair Labor Standards Act ("FLSA") and seeking injunctive relief, back wages, and liquidated damages. (Doc. 1). Defendant EEI failed to timely file a responsive pleading or

---

[1] Attached to the Motion, the Secretary included a **Declaration of Dimas Lamberty in Support of Default Judgment as to Defendant Eliasen Environmental, Inc.** (Doc. 19 Ex. 1) and a proposed order (Doc. 19 Ex. 2).

[2] The district judge referred this matter to the undersigned for consideration and a Report and Recommendation. *See* Local Rule 6.01(a), M.D. Fla.

[3] The Secretary's Motion seeks default judgment against only Defendant EEI.

1

otherwise respond to the Complaint, and the Court granted entry of a clerk's default against Defendant EEI on September 22, 2015. (Docs. 10, 12).

The Secretary also sought a clerk's default against Defendant Eliasen. (Doc. 9). The Court denied the motion and ordered Defendant Eliasen to answer or otherwise respond to the Complaint. (Doc. 15). Defendant Eliasen subsequently responded to the Complaint and the case is proceeding as to Defendant Eliasen.[4]

The Secretary now requests: (1) default judgment against Defendant EEI; (2) injunctive relief barring Defendant EEI from violating sections 6, 7, and 15(a)(2) of the FLSA, 29 U.S.C. §§206, 207, 215(a)(2); (3) back wages in the amount of $91,309.00; and (4) liquidated damages in the amount of $91,309.00.

## II.     Discussion

The Federal Rules of Civil Procedure provide that when a defendant fails to plead or otherwise defend, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (citation and internal quotation marks omitted). Neither is the defaulted defendant held to admit allegations relating to the amount of damages; it is for the Court to determine the amount and character of damages to be awarded. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). However,

---

[4] The Secretary explained, in a previous filing, that Defendant Eliasen contended her Suggestion of Bankruptcy (Doc. 4) operated as a stay of the proceedings against her. (Doc. 8 at 1) The Court found, instead, that the Secretary's enforcement proceeding is exempt from the automatic stay provision and that the Secretary could seek a judgment against her, but could not collect on any possible judgment during the pendency of the bankruptcy proceeding. (Doc. 15 at 3).

"[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations" and is subject to the Court's discretion. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam).

Here, while Defendant EEI has failed to respond to the complaint and has had a clerk's default entered against it, the case continues to proceed against Defendant Eliasen. Further, Defendants Eliasen and EEI are closely related, as "a corporate defendant can act only through its employees and agents." *Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, No. 11-62527-CIV, 2012 WL 718688, at *3 (S.D. Fla. Mar. 6, 2012) (denying without prejudice the plaintiff's motion for default judgment against a corporate defendant pending adjudication of the FLSA case against the individual defendants). In the interest of avoiding potentially incongruous results, these circumstances weigh against entering a default judgment against Defendant EEI at this time. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("Both Moore and Wright and Miller suggest that even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits. We believe that this is a sound policy." (internal citations omitted)).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)   the Secretary's Motion for Default Judgment (Doc. 19) be **DENIED without prejudice**, and

(2)   the Secretary be permitted to file a renewed motion for default judgment against Defendant EEI, if appropriate, at the conclusion of the case against Defendant Eliasen.

3

(3) It is further **RECOMMENDED** that any renewed motion for default judgment filed by the Secretary be required to contain sufficient information for the Court to determine whether Defendant EEI was properly served and more detailed information about how the Secretary calculated his damages request as to each Plaintiff.

**Date:  July 18, 2016.**

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge